UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL MILLER,

        Petitioner,

                                Case No. 16-13272

v.

                                HONORABLE AVERN COHN

TONY TRIERWEILER,

        Respondent.

_____/

**MEMORANDUM AND ORDER DENYING PETITIONER'S MOTION FOR AN
EXTENSION OF TIME TO FILE A HABEAS PETITION
AND CLOSING THE CASE**

### I. Introduction

      This is a pro se case, which the Clerk of the Court has designated as a habeas corpus action. Petitioner Darnell Miller commenced this action by filing a motion for extension of time to file a habeas corpus petition. For the reasons that follow, the motion will be denied.

### II. Background

      From what can be gleaned from the motion, Petitioner says that in 2014 he was convicted of criminal sexual conduct in the first and second degrees, see M.C.L. §§ 750.520b and 750.520c, unlawful imprisonment, see M.C.L.§ 750.349b, felonious assault, see M.C.L.§ 750.82, and possession of less than twenty-five grams of a controlled substance, see M.C.L. § 333.7403(2)(a)(v). He was sentenced him to thirty to fifty years for the criminal-sexual-conduct convictions and ten to fifteen years in

prison for the assault and narcotics convictions.[1]  The Michigan Court of Appeals

affirmed Petitioner's convictions, see People v. Miller, No. 322711, 2015 WL 6965103

(Mich. Ct. App. Nov. 10, 2015), and the Michigan Supreme Court denied leave to

appeal.  See People v. Miller, 878 N.W.2d 859 (2016).

On August 29, 2016, Petitioner filed a motion for extension of time.  The Clerk

opened a habeas case based on the motion.  In the motion, Petitioner seeks an order

granting him sixty months in which to file a habeas petition challenging his state

convictions.

### III.  Analysis

The Court lacks jurisdiction to consider Petitioner's motion.  The Court of Appeals

for the Sixth Circuit recently pointed out that

> Article III of the U.S. Constitution empowers federal courts to hear "Cases"
> or "Controversies," nothing more.  U.S. Const. art. III, § 2; see Lexmark
> Int'l., Inc. v. Static Control Components, Inc., —— U.S. ——, 134 S.Ct.
> 1377, 1386, 188 L.Ed.2d 392 (2014).  And "no justiciable 'controversy'
> exists when parties ... ask for an advisory opinion."  Massachusetts v.
> EPA, 549 U.S. 497, 516, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007).  This
> prohibition covers a party's—in truth a non-litigant's—request for an
> "opinion[ ] advising what the law would be upon a hypothetical state of
> facts."  Chafin v. Chafin, —— U.S. ——, 133 S.Ct. 1017, 1023, 185
> L.Ed.2d 1 (2013) (quotation omitted).

United States v. Asakevich, 810 F.3d 418, 420 (6th Cir. 2016).[2]

---

[1]  Petitioner does not say what his sentence was for the unlawful-imprisonment
conviction.

[2]  The Sixth Circuit addressed a motion to vacate sentence under 28 U.S.C. § 2255 in
Asakevich, but it acknowledged that "[p]recedents under § 2255 and under § 2254 may
generally be used interchangeably."  Asakevich, 810 F.3d at 423 (quoting 3 Charles
Alan Wright, et al., Federal Practice and Procedure § 623 (4th ed. 2015)).

Although Petitioner has a right to seek collateral review of his state convictions in federal court, see 28 U.S.C. § 2254, he has not yet filed a habeas petition under § 2254. Until he files a petition, "no case of controversy generally exists before an actual § 2254 petition is filed." United States v. Thomas, 713 F.3d 165, 168 (3d Cir. 2013).

Further, while some pro se extension motions may have sufficient details about the proposed pleading that a district court could fairly construe the motion as a pleading, Petitioner's motion is vague. He has not clearly described the basis for his challenge to his state convictions. The Court therefore declines to treat his motion as a § 2254 action.

## IV.  Conclusion

For the reasons stated above, Petitioner's motion for an extension of time is DENIED. This case is CLOSED.

Finally, reasonable jurists would not debate the Court's assessment of Petitioner's motion, nor conclude that the issue deserves encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.


S/Avern Cohn
 AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 25, 2016
         Detroit, Michigan

3